E-FILED
Thursday, 16 February, 2023  09:29:05 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TOM TUDUJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-4162 |
| | ) | |
| JONATHAN EK, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment claims for deliberate indifference to a serious medical need and inhumane conditions of confinement and a First Amendment retaliation claim. The matter comes before this Court for ruling on the Defendant Ek's Motion for Summary Judgment on the First Amendment claim. (Doc. 103). The motion is granted.

## PRELIMINARY MATTERS

### Plaintiff's Motion to Supplement (Doc. 104) and Motion for Leave to File Reply (Doc. 108)

Plaintiff's motions ask the Court to consider and take judicial notice of a medical record dated May 20, 2021, that he attached to his motion to reconsider. Plaintiff's motions are granted to the extent that he seeks the Court to consider his motions as a reply brief to his motion to reconsider and denied as to any other relief requested. Aspects of the medical record may still be in dispute and judicial notice of that document is therefore not appropriate. Fed. R. Evid. 201(b); *United States v. Julius*, 14 F.4th 752, 756 (7th Cir. 2021).

**Plaintiff's Motion to Reconsider (Doc. 100)**

Plaintiff asks the Court to reconsider its Order entered January 14, 2022 (Doc. 96) and its Summary Judgment Order entered March 25, 2022 (Doc. 99).[1] "[D]istrict judges may reconsider interlocutory orders at any time before final judgment." *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

### *Court Order entered January 14, 2022 (Doc. 96)*

Plaintiff seeks reconsideration of the Court's denial of his motion to compel answers to requests for admissions. The discovery requests sought admissions or denials of assertions related to Defendant Ek's prior employment in Oklahoma, including alleged prior drug use, mental health history, employment history, disciplinary proceedings related to his medical license, and other alleged bad acts. (Doc. 96 at 1-2). The Court denied Plaintiff's motion on the grounds that the information sought was not relevant and that Defendant Ek's prior bad acts were not admissible to show that he acted with deliberate indifference in this case. *Id.* at 2.

Plaintiff argues that the Court failed to consider the admissibility of this evidence under the hearsay exception for statements made for purposes of medical treatment. The admissibility of the information Plaintiff sought to elicit under the applicable hearsay rules does not bear on whether the information is relevant to these proceedings. The federal discovery rules permit discovery only for information "that is relevant to any party's claim or defense." Fed. R. Civ. P.

---

[1] Plaintiff referenced docket entry no. 90 as a court order for which he also seeks reconsideration. (Doc. 100 at 16). Docket entry no. 90 is Plaintiff's Motion for Leave to Supplement or Stand Alone Judicial Notice. The Court ruled on this motion in its Court Order entered January 14, 2022 (Doc. 96).

26(b)(1). The Court finds that Plaintiff has not shown that the Court misconstrued the facts or the law. Plaintiff's request to reconsider the Court's Order entered January 14, 2022 is denied.

### *Summary Judgment Order entered March 25, 2022 (Doc. 99)*

The Court granted summary judgment in favor of Defendants Brannon and Jeffreys on Plaintiff's Eighth Amendment conditions-of-confinement claim and in favor of Defendant Ek on Plaintiff's Eighth Amendment medical claim. The Court denied Plaintiff's cross-motion for summary judgment and granted Defendant Ek leave to file a successive motion for summary judgment on Plaintiff's First Amendment retaliation claim.

Plaintiff argues that the Court misinterpreted his medical claims and failed to address his claim that Defendant Ek failed to treat his facial skin condition. The Court's Summary Judgment Order acknowledged the parties' dispute regarding the underlying cause of Plaintiff's symptoms. Defendant Ek opined that Plaintiff's symptoms, including facial redness, resulted from Plaintiff's documented high blood pressure, and the Court found that his decision to treat what he believed to be the underlying cause, or the symptoms directly, did not permit an inference that he failed to exercise the requisite professional judgment.

The medical record Plaintiff now presents apparently showing that a medical professional at a different prison later diagnosed Plaintiff with the condition he asserts Defendant Ek failed to treat does not change the Court's analysis—a disagreement among doctors about the best way to treat a prisoner's condition does not support a finding of deliberate indifference. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) ("Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation."); *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (en banc) ("[E]vidence that *some* medical professionals would have chosen a

different course of treatment is insufficient to make out a constitutional claim." (emphasis in original)); *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 616 (7th Cir. 2022).

Plaintiff relies on a notation in the medical records stating that Defendant Ek said that "there was no medical rational[e] to give [low bunk and low gallery] permits especially if [Plaintiff] refuses BP protocol treatment" to support his argument that Defendant Ek made treatment for other medical conditions contingent on taking blood pressure medications he consistently refused.

According to the medical records, Defendant Ek made this statement within the context of addressing Plaintiff's emergency complaints of chest pains and his elevated blood pressure. (Doc. 87-3 at 4-10). Plaintiff refused the blood pressure medication medical staff offered, attributed his condition to the temperature in his cell, and repeatedly requested the permits in an apparent effort to get moved to a lower gallery. *Id.* Within the medical notes for this incident, Defendant Ek also stated that Plaintiff "has no clinical indicator for requested permits," which was consistent with his previous findings that Plaintiff did not have physical impairments that necessitated the permits. *Id.* at 10.

Defendant Ek's statements permit only an inference that he did not offer Plaintiff's preferred remedy, not that he denied the permits for impermissible reasons. Plaintiff has not presented any new argument regarding the Court's denial of his motion for summary judgment on his retaliation claim against Defendant Ek. Plaintiff's request to reconsider the rulings related to Defendant Ek is denied.

Plaintiff also argues that the Court erred in granting summary judgment in favor of Defendants Jeffreys and Brannon on his conditions-of-confinement claim. Plaintiff argues that the Court impermissibly weighed evidence by refusing to accept his "7 levels of temperature"

theory to support his assertion that the temperatures inside cells reached 120 degrees Fahrenheit and ignoring the witness affidavits attesting to the cell temperatures.

Plaintiff has not disclosed how he and the other inmates are qualified to extrapolate exact temperatures from historical outside temperatures and heat indices without the benefit of devices typically used to measure these conditions. *See* Fed. R. Civ. P. 56(c)(4) (affidavits provided in support of summary judgment must "show that the affiant or declarant is competent to testify on the matters stated."). Plaintiff could not have experienced the extreme heat on all the dates he previously asserted because he was not incarcerated at the facility. *Compare* (Doc. 100 at 11) (listing June 27-30, 2019 and July 1-6, 2019 as dates he experienced extreme heat), *with* (Doc. 78-3 at 15) (indicating Plaintiff arrived at Hill on July 10, 2019).[2] The record also suggests that Plaintiff was not housed in an upper gallery at Hill, where he claims temperatures were the hottest, during summer 2019. *See* (Doc. 100 at 10) (indicating that his grievances include his cell location. In this case, cell 1C-65); (Doc. 84-5 at 23) (grievance stating "[a]bout 6 weeks ago in the week of 2/2/2020 I was moved from the lower gallery which had medical showers in House 1 C, to the upper gallery….").

The Court did not rely solely upon a finding that Plaintiff failed to establish an actionable deprivation in its decision. Plaintiff's claims fail even if the Court assumes he could show a sufficiently serious deprivation. *See* (Doc. 99 at 11-12). Plaintiff has not shown how the Court misconstrued the facts that Plaintiff never spoke to Defendants Jeffreys and Brannon about these conditions and the correspondence he sent to them would not have alerted them to an ongoing constitutional violation.

---

[2] Plaintiff's Motion to Reconsider indicates that he did not arrive at Hill until September 10, 2019. (Doc. 100 at 14).

No medical professional has attributed Plaintiff's medical conditions to extreme heat, and the record contains no evidence of an express policy or widespread practice that caused any deprivation Plaintiff may have experienced. Plaintiff has not presented any newly discovered evidence or legal authority that would warrant the Court's reconsideration of its decision. Plaintiff's motion is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Plaintiff alleges in this lawsuit that Defendant Ek retaliated against him for refusing certain types of medical treatment and for filing grievances about medical care. The Court denied Plaintiff's motion for summary judgment on this issue because the facts, when construed in the light most favorable to Defendant Ek, did not permit an inference that Plaintiff's protected activities motivated Defendant Ek's medical decisions or that Plaintiff suffered the requisite deprivation. (Doc. 99 at 14-15). Because of confusion regarding a previous court order, the Court

granted Defendant Ek leave to file a motion for summary judgment regarding Plaintiff's retaliation claim. *Id.* at 14.

The Court's Summary Judgment Order entered March 25, 2022, discussed in detail the treatment Defendant Ek provided. *See id.* Defendant Ek's present motion for summary judgment realleges similar facts, and Plaintiff has not filed a response. The Court adopts the undisputed facts discussed in its previous order for purposes of ruling on this motion, construing them in the light most favorable for Plaintiff.

To prevail on a retaliation claim, Plaintiff must show that he engaged in constitutionally protected activity; he suffered a deprivation that would likely deter constitutionally protected activity in the future; and the protected activity motivated the decision to take retaliatory action. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Once a plaintiff establishes a prima facie case of retaliation, "[t]he burden then shifts to the defendants to show that they would have taken the action despite the bad motive." *Mays v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013). The parties do not dispute that Plaintiff engaged in constitutionally protected activity.

Plaintiff asserts that Defendant Ek withheld examination and treatment for a "facial skin condition" Plaintiff attributed to the Varicella Zoster virus and denied permits in retaliation for Plaintiff's refusal to take blood pressure medications and grievances he had filed. As discussed in the Court's previous Summary Judgment Order, Defendant Ek opined that Plaintiff's high blood pressure caused Plaintiff's symptoms and he sought to treat this condition directly. Defendant Ek opined that Plaintiff's symptoms were not consistent with the viral infection Plaintiff suspected and that Plaintiff's physical condition did not warrant issuance of low bunk and low gallery permits.

Defendant Ek's statement that there was no reason to issue permits "especially if [Plaintiff] refuses [blood pressure] protocol treatment" does not permit a reasonable inference that issuance of the permits was contingent upon other medical treatment when considering the circumstances in which the statement was made and Plaintiff's entire medical record. At the time, Plaintiff asserted that the permits were necessary to alleviate the high blood pressure he attributed to the hot temperatures in his cell. (Doc. 87-3 at 4-10). The medical records disclose that Plaintiff's blood pressure remained dangerously high regardless of the outside temperature. *See* (Doc. 99 at 3) (blood pressure remained high over ten-month period from September 2019 through July 2020). Outside of this statement, nothing suggests that Plaintiff's protected activities were a motivating factor in Defendant Ek's medical decisions. At best, Plaintiff could show that the timing of Defendant Ek's decisions was suspicious, but this is not enough to survive summary judgment. *Manual v. Nalley*, 966 F.3d 678, 681 (7th Cir. 2020).

The record does not support an inference that Plaintiff was denied access to medical care, that medical staff refused to treat the conditions to which they associated Plaintiff's symptoms, or that Plaintiff suffered a deprivation likely to deter a person of ordinary firmness from the exercise of protected activity. *See Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness."). The Court finds that no reasonable juror could conclude that Defendant Ek retaliated against Plaintiff.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion [100] is DENIED.**

2) **Plaintiff's Motions [104][108] are GRANTED in part and DENIED in part.**

3) **Defendants' Motion for Summary Judgment [103] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is**

**terminated. Plaintiff remains responsible for any balance remaining on the $350.00 filing fee.**

4) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith.** *See* **Fed. R. App. P. 24(a)(1)(c);** *see also Celske v Edwards*, **164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith.");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 16th day of February, 2023.


*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE